Desmond C. Lee (HI Bar #9315)
dlee@deconsel.com
DeCARLO & SHANLEY
A Professional Corporation
1188 Bishop Street, Suite 1210
Honolulu, Hawaii 96813
Telephone: (808) 538-1812

John T. DeCarlo, *Admitted Pro Hac Vice*
jdecarlo@deconsel.com
Daniel M. Shanley, *Admitted Pro Hac Vice*
dshanley@deconsel.com
DeCARLO & SHANLEY
A Professional Corporation
533 South Fremont Ave., 9th Floor
Los Angeles, California 90071-1706
Phone: (213) 488-4100
Fax: (213) 488-4180

Attorneys for Defendants SEAN NEWCAMP et al.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN J. CAYETANO,<br><br>Plaintiff,<br><br>v.<br><br>HAWAII CARPENTERS UNION MARKET RECOVERY FUND dba PACIFIC RESOURCE PARTNERSHIP; et al.,<br><br>Defendants. | Case No. 12-CV-00619 SOM-RLP<br><br>DEFENDANTS SEAN NEWCAMP, THALIA CHOY, ALAN SHINTANI, STEVEN HIDANO, GERARD SAKAMOTO, MARK KAPAHU, WILLIE MAGLINTI, LEONARD HOSHIJO, LANCE YOSHIMURA, KEN KAWAMOTO, BILL WILSON, LANCE INOUYE, CRAIG FUKUDA, AND DARREN HO'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND |

# TABLE OF CONTENTS


TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. PLAINTIFF’S THEORY OF DEFAMATION IS COMPLETELY PREEMPTED BY SECTION 301. . . . . . . . . . . . . . 4

B. PLAINTIFF’S THEORY OF DEFAMATION LIABILITY IS GROUNDED IN THE CBA. . . . . . . . . . . . . . . . . . . . 8

C. PLAINTIFF’S THEORY OF DEFAMATION LIABILITY IS INEXTRICABLY INTERTWINED WITH THE CBA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## CASE LAW

*Adkins v. Mireles*,
526 F.3d 531 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Balcorta v. Twentieth Century-Fox Film Corp.*,
208 F.3d 1102 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Burnside v. Keiwit Pacific Corp.*,
491 F.3d 1053 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6

*Cerda v. United Brotherhood of Carpenters and Joiner of America et al.*,
Case No. CV-F-05-00616 OWW LJO
(E.D. CA. June 27, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Chissie v. Winco Foods, LLC*,
2012 U.S. Dist. LEXIS 17954 (E.D. Cal. Feb. 13, 2012).. . . . . . . . . . . . . . . 10

*Cho Mark Oriental Food, Ltd. v. K & K Int'l*,
73 Haw. 509 (1992).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Citizen's United v. Federal Election Comm'n*,
558 U.S. 310 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

*Hayden v. Reickerd*,
957 F.2d 1506 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Horne v. D.C. 16, Int'l Union of Painters*,
2011 U.S. Dist. Lexis 5076 (N.D. Cal. Jan. 19, 2011). . . . . . . . . . . . . . . . . . . 5

*Hoss v. United Parcel Service, Inc.*,
2010 U.S. Dist. Lexis 23866 (D.C. ID. Mar. 12, 2010). . . . . . . . . . . . . . . . 12

*Montez v. Operating Engineers Local Union #3*,
Civ. No. 10-00217 SOM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Sambra-no v. GMC*,
682 F. Supp. 1095 (D. Haw. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*SEIU v. Nat'l Union of Healthcare Workers*,
598 F.3d 1061 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 13

*Shane v. Greyhound Lines, Inc.*,
868 F.2d 1057 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Smith v. Evening News Ass'n*,
371 U.S. 195 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

*Young v. Anthony's Fish Grottos, Inc.*,
830 F.2d 993 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. v. Local* 334,
452 U.S. 615 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**STATUTES**

Labor Management Relations Act,

29 U.S.C. § 185. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

## I. INTRODUCTION

Plaintiff's theory of defamation liability is novel and expansive – and "completely preempted" by Section 301 of the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 185. Plaintiff seeks to hold those who made contributions under a Section 301 governed collective bargaining agreement and Trust Agreement liable, including under *respondeat superior* and agency theories, for the alleged defamation by others based on such contributions alone. Plaintiff admits that he seeks to undercut the Supreme Court's recent "money as speech" decision in *Citizen's United v. Federal Election Comm'n*, 558 U.S. 310 (2010), by using the Section 301 governed contributions to establish liability in this case. Dkt. 27, Motion to Remand, p. 6.

"The Supreme Court has instructed that section 301 'is not to be given a narrow reading.'" *SEIU v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1069 (9th Cir. 2010), quoting *Smith v. Evening News Ass'n*, 371 U.S. 195, 199 (1962)). Section 301 completely preempts any state law theory of liability that is "founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). The preemptive force of Section 301 is "so powerful as to displace entirely any state claim based on a collective bargaining agreement . . . and any state claim whose outcome depends

on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (internal citations omitted).

Plaintiff's theory of liability is completely preempted under both tests. Plaintiff's claim is not independent of the Section 301 governed agreements. To the contrary, Plaintiff admits that he is using these Section 301-based contributions to establish liability. Because Plaintiff's theory is based on contributions owed under the CBA/Trust Agreement, Plaintiff's theory is not only grounded in, but also inextricably intertwined with, a Section 301 agreement. Chief Judge Susan Mollway's recent decision, denying remand, exemplifies an understanding of these principles. See *Montez v. Operating Engineers Local Union #3*, Civ. No. 10-00217 SOM, Dkt. 14, pp. 5-7, Order Adopting Magistrate Judge's Findings and Recommendation that Plaintiff's Motion for Remand be Denied ("Order Denying Remand"), filed July 23, 2010. Removal is thus proper.

## II. <u>STATEMENT OF FACTS</u>

Plaintiff seeks to hold certain Defendants liable for alleged defamation by others based solely on contributions made to the Pacific Resource Partnership ("PRP"). Plaintiff alleges that "PRP is a trust fund operated by the Hawaii Carpenters Union in concert with general contractors who are signatory to contracts with said union." (Cmplt. ¶2). "PRP is funded with contributions from said general contractors." *Id.* The required contributions are the product of

collective bargaining between the union and these contractors, and are set forth in the current agreement ("CBA"). (Dkt 1, Exh. 2, pp. 15, 30; Exh. 3, pp. 76, 77.) The PRP Trust Agreement is incorporated into the CBA. *Id.* The CBA, the required contributions and the resulting PRP Trust Agreement, are governed by Section 301. 29 U.S.C. §185.

Plaintiff alleges that all "Defendants initiated a plan to pay for . . . a barrage of advertisements . . . to spread false statements about the Plaintiffs." (Cmplt. ¶31.) The Funding Doe Defendants "make their contributions to PRP" to fund the publications. (Cmplt. ¶35.) The Funding Doe Defendants have representatives among the Trustee Defendants. (Cmplt. ¶35.) The Trustee Defendants "are the agents" of the Funding Doe Defendants, who "are therefore liable" for the Trustee Defendants' conduct "under the law of *respondeat superior* and agency law." (Cmplt. ¶36.) The Funding Doe Defendants' principal status is grounded in the CBA, the Trust Agreement, and the contributions they require. (Cmplt. ¶¶2, 35-36.)

Plaintiff alleges that "those persons who claim their expenditures are 'speech' must be held accountable when their 'speech' enters an area that is ***not*** protected by the First Amendment." (Cmplt. ¶28.) "Thus, Plaintiff herein sues . . . those who have financed and funded [speech] under the guise of a judicially-created 'free speech' exception to traditional campaign spending laws." *Id.*

"Accordingly, those persons or entities that fund such false and defamatory statements must face accountability in the same way as authors and publishers of such defamatory statements have traditionally been held accountable." *Id.* Plaintiff admits that he seeks to use the Section 301 governed contributions to establish liability in this case in an attempt to undercut the Supreme Court's recent "money as speech" decision in *Citizen's United v. Federal Election Comm'n*, 558 U.S. 310 (2010). Dkt. 27, Motion to Remand, p. 6.

## III. ARGUMENT

### A. PLAINTIFF'S THEORY OF DEFAMATION IS COMPLETELY PREEMPTED BY SECTION 301

Section 301 of the Labor Management Relations Act ("LMRA") regulates collective bargaining agreements ("CBA") between unions and employers, as well as union agreements with other unions and itself. 29 U.S.C. § 185. "The Supreme Court has instructed that section 301 'is not to be given a narrow reading.'" *SEIU v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1069 (9th Cir. 2010) quoting *Smith v. Evening News Ass'n*, 371 U.S. 195, 199 (1962)). As we now show, the Ninth Circuit and the District Court of Hawaii have not shied away from the Supreme Court's instruction.

In order to insure uniformity of regulation and interpretation of Section 301 governing agreements, the Supreme Court has ruled that Section 301 preempts

state law claims in one of two ways: those "founded directly on rights created by collective-bargaining agreements, ***and also*** claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (emphasis added); *Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir. 2008) (same). Section 301 preemption applies "even in some instances in which the plaintiffs have not alleged a breach of contract in the complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it." *Burnside v. Kiewit Pacific Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007). Thus, if Defendants meet either prong of the preemption analysis, they prevail.

The preemptive force of Section 301 is "so powerful as to displace entirely any state claim based on a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987)(internal citations omitted). This is known as the "complete preemption doctrine." This "doctrine is actually a doctrine of jurisdiction and is not to be confused with ordinary preemption doctrine (although it is related to preemption law)." *Horne v. D.C. 16, Int'l Union of Painters*, 2011 U.S. Dist. Lexis 5076, *6-7 (N.D. Cal. Jan. 19, 2011), quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000). Complete preemption "converts an ordinary state . . . law

complaint into one stating a federal claim" providing a basis for removal of the state court action to federal court. *Caterpillar*, 482 U.S. at 393. See also, *Montez v. Operating Engineers Local Union #3*, Civ. No. 10-00217 SOM, Dkt. 14, pp. 5-7, (Chief Judge, Susan Oki Mollway), Order Adopting Magistrate Judge's Findings and Recommendation that Plaintiff's Motion for Remand be Denied ("Order Denying Remand"), filed July 23, 2010.

In *Montez,* Chief Judge Mollway recently analyzed removal and the complete preemption doctrine and upheld the Magistrate's rulings. The Magistrate Judge recommended denial of plaintiff's motion to remand because her state law claims required interpretation of a CBA. The *Montez* plaintiff pursued state law claims against a union over failure to file a grievance or dispatch her from the union's hiring hall. Based on Section 301 complete preemption, the defendant removed the case to federal court and plaintiff filed a motion to remand. In rejecting remand, the Magistrate ruled that

> Because any duty relating to the filing of grievances and dispatching of members arises solely from the CBA, the evaluation of Plaintiff's claims is 'inextricably intertwined with consideration of the terms of the CBA.

*Montez*, Civ. No. 10-00217 SOM, Dkt. 10, 2010 U.S. Dist. Lexis 65437, *13 (D. Haw. July 13, 2010).

The Magistrate found a second basis for removal in the plaintiff's claim for punitive damages. The Magistrate ruled the case was properly removed because

"Plaintiff's request for punitive damages also appears to require an interpretation of the terms of the CBA." *Id,* at *17. The Magistrate reasoned that because "the CBA sets forth the conduct by which the Union must abide," "whether the Union acted wantonly or oppressively could turn on to what extent, if any, the Union's actions violated the terms of the CBA." *Id,* at *18.

In upholding the Magistrate's rulings, Chief Judge Mollway utilized the two-part inquiry adopted by the Ninth Circuit in *Burnside v. Keiwit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007):

> First, a court must consider whether plaintiff's asserted cause of action involves a right conferred on the plaintiff by virtue of state law or is instead grounded in a CBA. In so doing, the court considers the legal character of the claim. A court must analyze whether the claim asserts rights independent of rights under the CBA, not whether a grievance arising from precisely the same set of facts could be pursued.
>
> Second, and in the event the plaintiff's right is independent of the CBA, the court must consider whether it is nevertheless substantially dependent on analysis of a CBA. It is in this analysis that the court must determine whether a claim requires interpretation of a CBA (implicating preemption), or mere reference to a CBA (not implicating preemption).

*Montez,* Dkt. 14, Order Denying Remand at p. 7 (internal citations omitted). In finding that Montez' claims were preempted (and thus properly removed), Chief Judge Mollway explained that the basis for plaintiff's claims (duty under negligence law and outrageousness under emotional distress law) sprang from the

CBA itself and thus necessarily required interpretation of the CBA. The Chief Judge explained that a "determination as to whether the Union acted outrageously must turn in large part on whether the Union abided by the CBA. Given the basis of the claim, a court would have to construe the CBA to determine whether the Union abided by the CBA." *Montez*, Dkt. 14, Order Denying Remand at p. 11. The Chief Judge further explained that "[d]etermining whether the Union was negligent (whether it breached its duties) requires interpretation of the CBA." *Id.*

In this case, Plaintiff Cayetano's defamation claim fails under either prong of the *Burnside* preemption analysis, and thus was properly removed to federal court.

### B. PLAINTIFF'S THEORY OF DEFAMATION LIABILITY IS GROUNDED IN THE CBA

Plaintiff's theory of agency and *respondeat superior* liability is grounded in the CBA. Plaintiff alleges that the Trustee Defendants are the agents of the Funding Doe Defendants, who make contributions under the CBA to fund the alleged defamation. (Complaint, ¶¶ 2, 25, 35.) "Under this system", "the Funding Doe Defendants are therefore liable under theories of *respondeat superior* and agency law." (Complaint, ¶¶ 35, 36.) It is these contributions – which are grounded in the CBA and Trust Agreement – that forms the factual basis of Plaintiff's theory of liability. (Complaint, ¶¶ 5, 31-33.)

Agency and respondeat liability are inherently contractually based theories of liability, and the contracts they spring from are the Section 301 governed CBA and Trust Agreement. "Vicarious liability under the respondeat superior doctrine ordinarily requires some kind of employment relationship *or other consensual arrangement under which one person agrees to act under another's control*." *State v. Hoshijo*, 102 Haw. 307, 319 (2003) (emphasis added). Agency also requires some form of contractual relationship, whether it be express or implied. *Cho Mark Oriental Food, Ltd. v. K & K Int'l*, 73 Haw. 509, 515-16 (1992).

Here, the only consensual or contractual arrangement alleged is that the Funding Doe Defendants pay contributions required under their CBA with the Defendant Hawaii Carpenters Union. It is from this contractual arrangement that Plaintiff seeks to hold both the Funding Doe Defendants and the Trustee Defendants liable for the defamation "plan". Accordingly, Plaintiff's claim is grounded in the CBA/Trust Agreement because the CBA/Trust Agreement created the basis of liability under state law. As such, Plaintiff's theory of liability is completely preempted by Section 301 and therefore properly removed.

The distinction between a preempted defamation claim that depends on the terms of a collective bargaining agreement and one that does not was recently addressed by another District Court in the Ninth Circuit:

In arguing that her defamation claim is not in fact preempted, Plaintiff

> cites language from *Hayden v. Reickerd*, [957 F.2d 1506 (9th Cir. 1991)] to the effect that "[n]on-negotiable state law rights.... independent of any right established by contract are not preempted..." 957 F.2d at 1509. The Hayden court went on to explain that Congress never intended "to preempt state rules that proscribe conduct... independent of a labor contract." *Id.* The key to that proposition, however, is the preservation of state law claims independent from the terms and provisions of a CBA. Here, as explained above, neither plaintiff's defamation claim or her other state law claims can be considered independent from the CBA. Consequently they are preempted.

*Chissie v. Winco Foods, LLC*, 2012 U.S. Dist. LEXIS 17954, 17-18 (E.D. Cal. Feb. 13, 2012).

Plaintiff nonetheless maintains that the Trustee Defendants' argument about the Funding Doe Defendants is hypothetical because Plaintiff may never name the Doe Defendants and the *respondeat superior* and agency theories may never actually be litigated in this case. This argument, however, misrepresents the circumstances under which a Doe Defendant is named under Hawaii law. Hawaii R. Civ. P. Rule 17(d) provides, in pertinent part, as follows:

> (1) When it *shall be necessary or proper* to make a person a party defendant and the party desiring the inclusion of the person as a party defendant has been unable to ascertain the identity of a defendant, the party desiring the inclusion of the person as a party defendant shall in accordance with the criteria of Rule 11 of these rules set forth in a pleading the person's interest in the action, so much of the identity as is known (and if unknown, a fictitious name shall be used), and shall set forth with specificity all actions already undertaken in a diligent and good-faith effort to ascertain the person's full name and identity.

> (2) Subject to HRS section 657-22[1], *the person intended shall thereupon be considered a party defendant to the action*, as having notice of the institution of the action against that person, and as sufficiently described for all purposes, including services of process, and the action shall proceed against that person.

(Emphasis added). By alleging the defamation claim against the Doe Defendants, Plaintiff represented to the Court that they are "necessary or proper" parties – not mere hypothetical parties. As such, the Funding Doe Defendants are considered actual parties to the action. Hawaii R. Civ. P. Rule 17(d); *see e.g., Sambra-no v. GMC*, 682 F. Supp. 1095 (D. Haw. 1988) (presence of Doe defendants destroyed diversity jurisdiction, precluding removal from state court).

Finally, Plaintiff argues that the "grounded in a CBA" preemption test is not met because "Plaintiff never stood in an employment or contractual relationship with Defendants." (Motion to Remand, Dkt. 27, p. 6). Plaintiff cites no case that has imposed this limitation.

While the Ninth Circuit in *Burnside* indicated that this test is met when an employee's claim is grounded in the CBA, it did not purport to limit the Supreme Court's test or the category of individuals whose claims would be preempted. The Ninth Circuit's exposition merely reflected the facts of the case before it. Indeed, this is why Chief Judge Mollway referred to "Plaintiff" in articulating the same

---

[1]HRS section 657-22 refers to process issued without intent that it should be served.

test, rather than imposing an "employee" or direct contractual party limitation. *Montez,* Dkt. 14, Order Denying Remand at p. 7.

Because Plaintiff's theory of state law liability is "grounded" on the CBA, Section 301 completely preempts it, making removal proper.

### C. PLAINTIFF'S THEORY OF DEFAMATION LIABILITY IS INEXTRICABLY INTERTWINED WITH THE CBA

As mentioned above, Plaintiff is pursuing a theory of liability based on employer contributions which are required under the CBA and the Trust Agreement. These contributions are the only factual support for Plaintiff's theory of state law liability. As such, consideration of Plaintiff's claim is inextricably intertwined with Section 301 governed agreements, and thus preempted.

The Ninth Circuit has preempted defamation claims when resolution of the claim is "inextricably intertwined" with the CBA. For instance, in *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057 (9th Cir. 1989), the plaintiff claimed a disciplinary letter sent by the employer was defamatory. The Ninth Circuit found the defamation theory preempted because "[t]he CBA requires employers to notify employees of the intended disciplinary action in writing, and simultaneously to notify their union." *Id.,* at 1063. The Ninth Circuit reasoned that "[a]ny claim based on the discharge notification is, therefore, 'inextricably intertwined' with the CBA." *Id*. See also, *Hoss v. United Parcel Service, Inc.*, 2010 U.S. Dist.

Lexis 23866, *13 (D.C. ID. Mar. 12, 2010) (defamation claim preempted by Section 301 because CBA provided for notice of disciplinary action, thus "requires interpretation of the terms of Plaintiff's CBA.").

Federal courts have also held that when a plaintiff's theory for a state cause of action alleges a relationship the existence of which is based on a Section 301-governed document, then preemption applies. For instance, in *Cerda v. United Brotherhood of Carpenters and Joiner of America et al.*, Case No. CV-F-05-00616 OWW LJO (E.D. CA. June 27, 2005), a plaintiff attempted to hold an international union liable for the alleged tortious conduct of an affiliated local union. The relationship between the two unions was controlled by a union constitution, which, like a collective bargaining agreement, is governed by Section 301. See *United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. v. Local* 334, 452 U.S. 615, 623 (1981) (Section 301 applies to union constitutions); *SEIU,* 598 F.3d at 1070 (same). In denying plaintiff Cerda's Motion to Remand, the Court ruled that plaintiff's agency theory of liability required the interpretation of the Section 301 governed agreement in order to assess whether the international union could be liable for the conduct of its affiliate. (Dkt. 1, Exh. 4.) Because the theory of vicarious liability required an interpretation of the Section 301 governed agreement, the theory of liability was completely preempted and removal proper.

In this case, Plaintiff's theory of liability – vicarious liability based on mandated contributions – is inextricably intertwined with the CBA and Trust Agreement. These Section 301 governed agreements require the very contributions upon which Plaintiff's theory hinges. As Chief Judge Mollway pointed out in *Montez*, when Plaintiff bases a claim on matters directly arising out of the CBA, "the evaluation of Plaintiff's claim is inextricably intertwined with consideration of the terms of the CBA." *Montez,* Dkt. 14, Order Denying Remand at p. 9, quoting Magistrate decision. Moreover, because Plaintiff seeks punitive damages in this case, this also provides another basis for preemption. As explained through the analysis of the Chief Judge, "any claim for punitive damages is based on [the "Funding Doe Defendants'] alleged duties [to make contributions] arising solely from the CBA." *Montez,* Dkt. 14, Order Denying Remand at p. 13. Therefore, Plaintiff's theory of liability is preempted and removal proper.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's theory of defamation liability is both grounded in and inextricably intertwined with the Section 301 governed CBA/Trust Agreement. Each analysis results in the same conclusion – Plaintiff's theory of liability is completely preempted by Section 301, and the case properly removed to federal court. Because the Court has original jurisdiction over the

case, it should exercise supplemental jurisdiction over all the claims and deny remand.

DATE: December 28, 2012

DeCARLO & SHANLEY
A Professional Corporation

*/s/ Daniel M. Shanley*

Daniel M. Shanley
John T. DeCarlo
Desmond C. Lee
Attorneys for Defendants SEAN NEWCAMP, THALIA CHOY, ALAN SHINTANI, STEVEN HIDANO, GERARD SAKAMOTO, MARK KAPAHU, WILLIE MAGLINTI, LEONARD HOSHIJO, LANCE YOSHIMURA, KEN KAWAMOTO, BILL WILSON, LANCE INOUYE, CRAIG FUKUDA, AND DARREN HO

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2012, I electronically filed the DEFENDANTS SEAN NEWCAMP, THALIA CHOY, ALAN SHINTANI, STEVEN HIDANO, GERARD SAKAMOTO, MARK KAPAHU, WILLIE MAGLINTI, LEONARD HOSHIJO, LANCE YOSHIMURA, KEN KAWAMOTO, BILL WILSON, LANCE INOUYE, CRAIG FUKUDA, AND DARREN HO'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND and this certificate of service using the CM/ECF System which will send notification of such filing to the following:

James J. Bickerton, Esq.
E-Mail: bickerton@bsds.com
BICKERTON LEE DANG & SULLIVAN

Attorneys for Plaintiff BENJAMIN J. CAYETANO

Michael Jay Green, Esq.
E-Mail: michaeljgreen@hawaii.rr.com

Jeffrey S. Portnoy, Esq.
E-Mail: jportnoy@cades.com
John P. Duchemin, Esq.
E-Mail: jduchemin@cades.com
Peter W. Olson, Esq.
E-Mail: polson@cades.com
CADES SCHUTTE

Attorneys for Defendants HAWAII CARPENTERS UNION MARKET RECOVERY FUND; JOHN D. WHITE, JR.; HAWAII CARPENTERS' UNION; PACIFIC RESOURCE PARTNERSHIP PAC

Claire Wong Black, Esq.
E-Mail: cblack@ahfi.com
ALSTON HUNT FLOYD & ING

Attorneys for Defendants HOAKEA COMMUNICATIONS LLC; BARBARA J. TANABE; and JIM McCOY

DATED: December 28, 2012

*/s/ Nelly Caywood*
Nelly Caywood
Legal Assistant
DeCARLO & SHANLEY
A Professional Corporation
533 South Fremont Ave., 9th Floor
Los Angeles, CA 90071-1706
Phone: 213.488.4100
Fax: 213.488.4180
E-Mail: ncaywood@deconsel.com