*BICKERTON LEE DANG & SULLIVAN*, **LLLP**
JAMES J. BICKERTON          3085
745 Fort Street, Suite 801
Honolulu, Hawaii 96813
Telephone: (808) 599-3811
E-mail:bickerton@bsds.com;

MICHAEL J. GREEN           4451
Davies Pacific Center
Suite 2201
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
E-mail: michaeljgreen@hawaii.rr.com

Attorneys for Plaintiff
BENJAMIN J. CAYETANO

## UNITED STATE DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN J. CAYETANO,<br><br>       Plaintiff,<br><br>vs.<br><br>HAWAII CARPENTERS UNION MARKET RECOVERY FUND dba PACIFIC RESOURCE PARTNERSHIP; JOHN D. WHITE, JR.; HAWAII CARPENTERS' UNION; PACIFIC RESOURCE PARTNERSHIP PAC; HOAKEA COMMUNICATIONS LLC; BARBARA J. TANABE; JIM MCCOY; SEAN NEWCAMP; THALIA CHOY; ALAN SHINTANI; STEVEN HIDANO; | CIVIL NO. 12-CV-00619 SOM-RLP<br><br>PLAINTIFF'S REPLY TO DEFENDANTS SEAN NEWCAMP, THALIA CHOY, ALAN SHINTANI, STEVEN HIDANO, GERARD SAKAMOTO, MARK KAPAHU WILLIE MAGLINTI, LEONARD HISHIJO, LANCE YOSHIMURA, KEN KAWAMOTO, BILL WILSON, LANCE INOUYE, CRAIG FUKUDA, AND DARREN HO'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND; DECLARATION OF JAMES J. BICKERTON; CERTIFICATE OF COMPLIANCE WITH LR 7.5(e); CERTIFICATE OF |

| | |
|---|---|
| GERARD SAKAMOTO; MARK KUPAHU; WILLIE MAGLINTI; LEONARD HOSHIJO; LANCE YOSHIMURA; KEN KAWAMOTO; BILL WILSON; LANCE INOUYE; CRAIG FUKUDA; DARREN HO; JOHN DOES 1-50; JANE DOES 1-50; DOE ENTITIES 1-50, <br><br>                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) SERVICE |

**PLAINTIFF'S REPLY TO DEFENDANTS SEAN NEWCAMP, THALIA CHOY, ALAN SHINTANI, STEVEN HIDANO, GERARD SAKAMOTO, MARK KAPAHU WILLIE MAGLINTI, LEONARD HISHIJO, LANCE YOSHIMURA, KEN KAWAMOTO, BILL WILSON, LANCE INOUYE, CRAIG FUKUDA, AND DARREN HO'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND MOTION FOR REMAND**

In his motion to remand for lack of subject matter jurisdiction filed December 18, 2012, Plaintiff BENJAMIN J. CAYETANO explained his complaint was not subject to LMRA preemption because his state law claim for negligence was not founded directly on a collective bargaining agreement ("CBA") and would not require interpretation of a CBA to be resolved. In the alternative, Plaintiff urged this Court to decline to exercise supplemental jurisdiction over the claim against the removing defendants, SEAN NEWCAMP, THALIA CHOY, ALAN SHINTANI, STEVEN HIDANO, GERARD SAKAMOTO, MARK, KAPAHU, WILLIE MAGLINTI, LEONARD HOSHIJO, LANCE YOSHIMURA, KEN KAWAMOTO, BILL WILSON, LANCE INOUYE, CRAIG FUKUDA and

2

DARREN HO ("removing defendants"), since that claim was not preempted and clearly and substantially dominates the suit.

In their opposition filed December 28, 2012, the removing defendants do not attempt to show the claims against them, as opposed the unasserted claims against unnamed Doe defendants, are subject to preemption. And they do not respond to Plaintiff's argument that this Court should decline to exercise supplemental jurisdiction over the claim against them.

The removing defendants do argue that they properly removed the case on preemption grounds. However, they fail to meet their burden of establishing a right to removal. Accordingly, this case should be remanded to Hawaii State Court.

### A.   PLAINTIFF'S CLAIMS ARE NOT FOUNDED DIRECTLY ON A COLLECTIVE BARGAINING AGREEMENT

The removing defendants cite repeatedly to a statement made by the Ninth Circuit in SEIU v. National Union of Health Care Workers, 598F.3d 1061, 1073 (9th Cir. 2010), to the effect that Section 301(a) of the LMRA should not be read narrowly. However, they fail to note that SEIU was not a preemption case, but instead addressed whether the LMRA created a federal cause of action. When considering the subject of preemption of state law claims, federal courts are far more circumscribed. They recognize that, "[w]hile preemption is a strong federal policy, Congress has not exercised authority to occupy the entire field of labor

3

legislation . . . ." In re Bentz Metal Products Co., Inc., 253 F.3d 283, 286 (7th Cir. 2001).

Courts have been especially judicious in applying the first prong of LMRA preemption, which applies to claims grounded on a CBA. Only those claims founded "directly" and "solely" on the CBA are preempted under this prong. See, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 387 (1987) (first prong applies to "claims founded directly on rights created by collective-bargaining agreements"); Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007) (first prong applies "[i]f the right exists solely as a result of the CBA"). The removing defendants cannot demonstrate that Plaintiff's state law claim for negligence would qualify under this stringent standard. In their opposition they do not cite a single case that would support their view that Plaintiffs' defamation claim is founded solely and directly on the CBA.[1]

This Court's decision in Montez v. Operating Engineers Local Union Member Number 3, 2010 WL 2900830 (D. Haw. 2010), relied on by the removing defendants, actually makes clear how narrow prong-one preemption should be. In Montez an employee alleged that her union discriminated against her on the basis of gender by failing to send her out on assignments and failing to file a grievance

---

[1] Removing defendants cite Chissie v. Winco Foods, LLC, 2010 WL 580987 (E.D. Ca. 2010), but that case found preemption under the second prong because an employee's state law claims would require interpretation of the CBA.

4

on her behalf, both obligations she claim were owed to her under the CBA. But even though the CBA was the source of the rights plaintiff claimed she should have received, the claim was not preempted under the first prong because "[a]n individual has a state-law right to be free from gender discrimination or retaliation in the workplace." 2010 WL 2900830, at *3. Montez provides a good illustration of the "directly" and "solely" requirement of the first prong of the preemption test: Even though the denial of rights created in a CBA formed a basis for plaintiff's claims, they were not preempted because a state law right was also and more directly involved.

If Montez did not involve prong-one preemption, then this case most certainly does not. Unlike Montez, Plaintiff does not claim that a CBA gave him rights. This is fatal to prong-one preemption, which only applies to claims "based on" a CBA. A state law claim is only based on a CBA if "'[t]he [collective bargaining agreement] provision at issue actually sets forth the right upon which the claim is based.'" Dunn v. Dubuque Glass Co., Inc., 870 F. Supp. 2d 654, 668 (N.D. Iowa 2012) (quoting Bogan v. Gen. Motors Corp., 500 F.3d 828, 832 (8th Cir. 2007)). Plaintiff was neither a party to nor a third-party beneficiary of the CBA and no provision of the CBA gave Plaintiff rights. As the United States Court of Appeals for the Eighth Circuit recently explained, a suit is not "based on" a CBA within the meaning of the first prong if the CBA provision at issue does not

confer rights upon the plaintiff. Bogan v. Gen. Motors Corp., 500 F.3d 828, 832 (8th Cir. 2007) ("The CBA provision at issue only sets forth rights which inure to GM's benefits and does not give Bogan any rights upon which she could base a claim. Thus, it is clear Bogan's claim is not based on the CBA provision at issue."). Since the CBA here is not a source of rights, and is only indirectly involved[2] in Plaintiff's defamation claim, prong one does not apply.

### B. PLAINTIFF'S DEFAMATION CLAIM DOES NOT REQUIRE INTERPRETATION OF THE CBA.

Plaintiff argued in his moving papers that this case does not involve prong-two preemption because there was only a possibility that claims would be asserted against the Doe defendants and those claims would not require an interpretation of the CBA in any event. In their opposition the removing defendants claim prong-two preemption exists, ***but they do not point to any provision of the CBA that will have to be interpreted by the Court*** to grant Plaintiff the relief he seeks. They also fail to meaningfully address Plaintiff's argument that preemption does not apply since there is no certainty that the claim against the Doe defendants will be pursued.

---

[2] It is not the case, as the removing defendants suggest, that Plaintiff's defamation claim against the Doe defendants is based on their *agreement* to provide funding under CBA. It is the fact that the funding defendants *paid* for the advertisements in question that makes them responsible under the Plaintiff's "money as speech" theory of liability. The fact that they made payments pursuant to a CBA is irrelevant. If the funding defendants had made payments for speech without a formal agreement the claim against them would still exist.

6

### 1. No Interpretation

The removing defendants ignore the many decisions cited by Plaintiff in support of remand which make clear that the mere fact that a CBA is consulted in the course of a dispute is not enough for prong-two preemption. As the Seventh Circuit has explained, "for preemption to exist, resolution of a claim must require interpretation of a CBA, not a mere glance at it . . . ." In re Bentz Metal Products Co., Inc., 253 F.3d 283, 289 (7th Cir. 2001); see also Montez v. Operating Engineers Local Union Member 3, 2010 WL 2900830, at *3 (the "mere consultation with a CBA does not require preemption when the meaning of a contract term is not the subject of dispute") (citing Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 261 n. 8 (1994)). Type two preemption requires a dispute between the parties about what the CBA calls for under the circumstances of the case.

Moreover, the dispute must be at the center of the case. As the United States Supreme Court and the Ninth Circuit have made clear, the plaintiff's claims must be "'substantially dependent upon' interpretation of the CBA" to trigger preemption. Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 694 (9th Cir. 2001) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 394(1987)).

This Court's decision in Montez, is clearly consistent with the rule that only a central dispute as to the interpretation of a CBA should trigger prong-two

7

preemption. In <u>Montez</u>, an employee's claim for discrimination depended on proof that the union denied benefits to which she was entitled under the CBA on the basis of her gender. This Court properly found that resolution of the employee's claims was substantially dependent upon the question of whether she was actually entitled to the CBA benefits she was denied:

> [T]o ascertain whether the Union's failure to take action amounts to discrimination under Hawaii law, a court must analyze what duties a Union has to its members to determine whether the Union had to act in the first place. These duties must be articulated in the CBA.

2010 WL 2900830, at *4.[3] Similarly, with regard to the employee's negligence claim, this Court explained that "[a]ny such duties arise from the CBA itself. Determining whether the Union was negligent (whether it breached such duties) requires interpretation of the CBA." 2010 WL 2900830, at *5.

In this case Plaintiff's claim for defamation does not require measurement of anyone's conduct against the requirements of a CBA. It is not even clear that any provision of the CBA will even have to be considered in this case: one would expect that the removing defendants -- with the burden and incentive to show preemption -- would have at least identified the CBA provisions that will

---

[3] In contrast, in an earlier published decision, an employee's claim of intentional infliction of emotional distress flowing from acts sexual harassment of the employee "did not require reference to the CBA because the CBA did not 'govern the offending behavior.'" U.S. E.E.O.C. v. NCL Am., 535 F. Supp. 2d 1149, 1168 (D. Haw. 2008) (quoting <u>Perugini v. Safeway Stores, Inc.</u>, 935 F.2d 1083, 1086 (9th Cir.1991)).

8

purportedly be raised. The removing defendants have the burden of showing that some provision of the CBA will be in dispute in this case, and clearly have not met it. See Boccignone v. Sutter Healthcare, 2008 WL 786908, at *3 (N.D. Cal. 2008) ("defendants have not met their burden of proving that to resolve such a misrepresentation claim . . . the Court would have to interpret disputed terms of the collective bargaining agreement").

Even if CBA provisions might be looked at in the case, *if their meaning is not in dispute* then there are no grounds for type-two preemption. To the extent that some provision of the CBA makes an appearance in the case, it will more likely be consulted rather than interpreted. The best that the removing defendants can claim is that a court might have to consider provisions of the CBA (which may not even be disputed) as evidence of agency under principles state law.

The fact that undisputed provisions of a CBA may be considered as evidence to show some element of a state law cause of action does not trigger LMRA preemption. Beals v. Kiewit Pacific Co., Inc., 114 F.3rd 892 (9th Cir. 1997) (the fact that the state law question of reasonable reliance would depend on whether an employee should have known the CBA permitted termination at will did not trigger preemption). This is a far cry from Montez, where the terms of the CBA actually provided the standard under which defendant's conduct was to be measured, so that interpretation of those provisions would of necessity take center stage in the

dispute. Montez is clearly inapposite and does not support a finding of preemption here.

### 2. Nothing Required.

Montez is also distinguishable because the CBA provisions were at the center of the dispute between plaintiff and the principal defendant in that case. In contrast, the CBA will only be at issue in this case if Plaintiff elects to certify certain as-yet unknown individuals or entities as Doe defendants. Since the claim against the Doe defendants may never be asserted it cannot serve as the basis for second-prong preemption, because second-prong preemption only exists where resolution of a claim will ***necessarily and certainly*** require interpretation of a CBA. The court would not be *required* to construe a CBA if the Plaintiff elected not to certify a Doe defendant and to proceed against the removing defendants alone.

In their opposition the removing defendants quote from Hawaii procedural rules to suggest that the claim against the Doe defendants is something more than hypothetical. However, they cannot dispute the fact that Plaintiff is not in any way compelled to certify Doe defendants under Rule 17(d) of the Hawaii Rules of Civil Procedure and could clearly prosecute this case without ever naming them. And it is not the case, as the removing defendants claim, that Doe defendants are treated as real parties under federal law. In fact, 28 U.S.C. § 1441(a) specifically provides

that the citizenship of Doe defendants shall be disregarded for purposes of removal.[4] Since prong-two preemption only exists where a court will be *required* to interpret a CBA, and since the claims that implicate the CBA might not even be pursued, the removing defendants clearly have not met the test for type-two preemption.

### C. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION

Plaintiff explained in his supporting memorandum that, even if the Court were to find the claims against the Doe defendants preempted, it should decline to exercise supplemental jurisdiction over the non-preempted claims against the removing defendants and should remand them pursuant to 28 U.S.C. § 1367. The removing defendants have not offered any argument to the contrary. Accordingly, this Court should allow the Hawaii court to address the important state law issues presented by Plaintiff's state law claims, and should remand the claims against the remanding defendants to the circuit court to allow Plaintiff to seek redress in the forum of his choice.

### D. CONCLUSION

---

[4] The case cited by the removing defendants in support of their argument that Doe defendants are essential for federal jurisdictional purposes, Sambrano v General Motors Corp., 682 F. Supp. 1095 (D. Haw. 1988), was apparently decided before 28 U.S.C. § 1441(a) was amended that year, and should be deemed superseded by the statute.

This case should be remanded to Hawaii State Court. In the alternative, the claim against the removing defendants should be remanded under Section 1367(c) because they involve important state law issues and clearly and substantially predominate over any preempted claims.

In either event, Plaintiff respectfully requests under Local Rule 54.3(d) and U.S.C. § 1447(c) that he be awarded his attorneys' fees and costs on this motion. As of today these fees and costs total $14,175.60, as detailed in the attached Declaration of James J. Bickerton.

Section 1447(c) provides that:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

In this case, an award of fees and costs would be "just" given the perfunctory and ill-conceived analysis that removing defendants appear to have given to this matter. Plaintiff is an individual who was a public servant for most of his adult life and thus has limited financial resources. He should not be forced to waste them responding to legal tactics of this nature.

Dated Honolulu, Hawaii, January 11, 2013

/s/ *James J. Bickerton*
JAMES J. BICKERTON
Counsel for Plaintiff
BENJAMIN J. CAYETANO