Desmond C. Lee (HI Bar #9315)
dlee@deconsel.com
DeCARLO & SHANLEY
A Professional Corporation
1188 Bishop Street, Suite 1210
Honolulu, Hawaii  96813
Telephone:  (808) 538-1812

John T. DeCarlo, *Admitted Pro Hac Vice*
jdecarlo@deconsel.com
Daniel M. Shanley, *Admitted Pro Hac Vice*
dshanley@deconsel.com
DeCARLO & SHANLEY
A Professional Corporation
533 South Fremont Ave., 9th Floor
Los Angeles, California  90071-1706
Phone:  (213) 488-4100
Fax:     (213) 488-4180

Attorneys for Defendants SEAN NEWCAMP et al.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN J. CAYETANO, ) | Case No. 12-CV-00619 SOM-RLP |
| ) | |
| Plaintiff, ) | DEFENDANTS SEAN |
| ) | NEWCAMP, THALIA CHOY, |
| v. ) | ALAN SHINTANI, STEVEN |
| ) | HIDANO, GERARD |
| HAWAII CARPENTERS UNION ) | SAKAMOTO, MARK KAPAHU, |
| MARKET RECOVERY FUND dba ) | WILLIE MAGLINTI, LEONARD |
| PACIFIC RESOURCE PARTNERSHIP; et ) | HOSHIJO, LANCE |
| al., ) | YOSHIMURA, KEN |
| ) | KAWAMOTO, BILL WILSON, |
| Defendants. ) | LANCE INOUYE, CRAIG |
| ) | FUKUDA, AND DARREN HO'S |
| | OPPOSITION TO PLAINTIFF'S |
| | MOTION FOR ATTORNEYS' |
| | FEES AND COSTS |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.     INTRODUCTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.    BEFORE FEES CAN BE AWARDED, PLAINTIFF MUST SHOW THAT CASE LAW "CLEARLY FORECLOSES" THE TRUSTEE DEFENDANTS' BASIS FOR REMOVAL. . . . . . . 4

        B.    PLAINTIFF FAILS TO SHOW THAT THE APPLICABLE CASE LAW "CLEARLY FORECLOSES" REMOVAL IN THIS CASE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

## FEDERAL CASES

*Access Info. Mgmt. of Haw., LLC v. Shred-It America, Inc.*,
   2011 U.S.Dist. LEXIS 53573  (D. Haw. May 18, 2011). . . . . . . . . . . 3, 6, 7, 9

*Bailey v. United States*,
   289 F.Supp.2d 1197 (D. Haw. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Burnside v. Kiewit Pacific Corp.,
   491 F.3d 1053 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

*Cerda v. United Brotherhood of Carpenters and Joiner of America et al.*,
   Case No. CV-F-05-00616
   OWW LJO (E.D. CA. June 27, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13

*Chissie v. Winco Foods,LLC*,
   2012 U.S.Dist. LEXIS 17954 (E.D. Cal. Feb. 13, 2012)  . . . . . . . . . . . . 2, 13

*Club at Hokuli'a, Inc. v. America Motorists Insurance Co.*,
   2010 U.S.Dist. LEXIS 92376 (D. Haw. Sept. 3, 2010) . . . . . . . . . . . . . . . . 7

*Dahl v. Rosenfeld*,
   316 F.3d 1074 (9th Cir. 2003)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Gardner v. UICI*,
   508 F.3d 559 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Lott v. Pfizer, Inc.*,
   492 F.3d 789 (7th Cir. 2007)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lussier v. Dollar Tree Stores, Inc.*,
   518 F.3d 1062 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6

*Montez v. Operating Engineers Local Union #3*,
   2010 U.S.Dist. LEXIS 74677 (D. Haw. July 23, 2010). . . . . . . . . . . . . . . 8, 9

*Otay Land Co. v. United Enterprises*,
   672 F.3d 1152 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

*Shane v. Greyhound Lines, Inc.*,
   868 F.2d 1057 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13

*Smith v. Kawailoa Development LLP*,
   2011 U.S.Dist. LEXIS 120937 (D. Haw. Dec. 22, 2011) . . . . . . . . . . . . . . . 7

## STATE CASES

*Cho Mark Oriental Food, Ltd. v. K & K International*,
   73 Haw. 509 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*State v. Hoshijo*,
   102 Haw. 307 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## FEDERAL STATUTES

28 U.S.C. § 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

## STATE OF HAWAII STATUTES

Hawaii R. Civ. P. Rule 17(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

Pursuant to Docket entry 35, Defendants Sean Newcamp, Thalia Choy, Alan Shintani, Steven Hidano, Gerard Sakamoto, Mark Kapahu, Willie Maglinti, Leonard Hoshijo, Lance Yoshimura, Ken Kawamoto, Bill Wilson, Lance Inouye, Craig Fukuda, and Darren Ho (collectively, "the Trustee Defendants"), hereby oppose Plaintiff's request for attorneys' fees and costs. (Dkt. 33.)

## I.  INTRODUCTION

Plaintiff is suing Defendants on a novel theory of "money as speech". The money in question is contributed under, and its expenditure is governed by, a Section 301-governed collective bargaining agreement and Trust Agreement. Section 301 provides for complete preemption. Plaintiff's request for attorneys' fees should be denied because removal was proper.

As explained in their Opposition to Remand (Dkt. 31), Plaintiff's defamation theory is completely preempted because it is both "grounded" in and "inextricably intertwined" with the Section 301 governed agreements. Plaintiff's alleged defamation claim and *respondeat superior*/agency theories of liability based on contributions made pursuant to Section 301 governed agreements (i.e., CBA and Trust Agreement). Plaintiffs' theory is that the Defendant Doe employers, who have representatives among the named Trustee Defendants (who also include contributing employers), are liable because their Section 301 mandated contributions and Section 301 governed expenditures funded alleged

defamatory speech. (Complaint, ¶¶ 2, 35, 36.)

Similarly grounded defamation claims and *respondeat superior*/agency theories of liability have been preempted by Section 301. *See e.g., Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057 (9th Cir. 1989); *Chissie v. Winco Foods, LLC*, 2012 U.S. Dist. LEXIS 17954, 17-18 (E.D. Cal. Feb. 13, 2012); *Cerda v. United Brotherhood of Carpenters and Joiner of America et al.*, Case No. CV-F-05-00616 OWW LJO (E.D. CA. June 27, 2005). A properly removed case, even if remand is erroneously ordered, does not support an award of attorneys' fees. *Dahl v. Rosenfeld*, 316 F.3d 1074, 1079 (9th Cir. 2003) (because Section 301 completely preempted plaintiff's claim remand was erroneous and attorneys' fees award reversed).

Even if Plaintiff's theories of liability are not completely preempted (which they are), attorneys' fees would not be properly awarded in this case. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for granting such costs and expenses is objective reasonableness. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As recently explained by this Court, "the objective reasonableness of the removal depends on the clarity of the applicable case law and whether such law '***clearly foreclosed***' the defendant's basis for removal."

*Access Info. Mgmt. of Haw., LLC*, 2011 U.S. Dist. Lexis 53573 at *7 (D. Haw. May 18, 2011) (emphasis added).

Here, Plaintiff fails to cite any case law that clearly forecloses the Trustee Defendants' basis for removal. The reason is there is none. Plaintiff agrees that Section 301 preemption applies if the plaintiff's claim requires interpretation of a Section 301-governed document, e.g., a collective bargaining agreement ("CBA"). *Burnside v. Kiewit Pacific Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007). While Plaintiff argues that the CBA would not have to be interpreted in this case to assess the *respondeat superior* and agency law theories, this ignores the factual underpinning alleged in the complaint. (Complaint, ¶¶ 2, 35, 36.) This also ignores the fact that disclaiming reliance on the CBA is not the same as showing that the *law clearly foreclosed* the Trustee Defendants' basis for removal, especially when Plaintiff now claims to be ignorant as to what CBA provisions might be relevant to these theories. In any event, the Trustee Defendants (who include contributing employers) have in fact shown that Plaintiff's theories are grounded in the CBA/Trust Agreement, rendering their terms essential to determining whether the elements of the *respondeat superior* and agency doctrines are met here. Plaintiffs does not cite to a single case where a party has relied on the terms of a Section 301 governed agreement ***to establish liability*** under state law without preemption being found.

3

Plaintiff also maintains that the "requires interpretation of" test is not satisfied because Plaintiff may choose to not to prosecute the Funding Doe Defendants. Plaintiff, however, has asserted otherwise in his complaint. See Hawaii R. Civ. P. Rule 17(d). Plaintiff cites *no case law* for the proposition that removal based on claims against Doe Defendants (who include those already named as Trustee Defendants) is "clearly foreclosed". This is because there is none. Moreover, the fact that Plaintiff has not dismissed his defamation claim against the Doe Defendants means that they still are "necessary or proper" parties to this action. Hawaii R. Civ. P. Rule 17(d). Because Plaintiff has not cited to any case law that "clearly forecloses" removal, Plaintiff's request for attorneys' fees should be denied.

## II. ARGUMENT

### A. BEFORE FEES CAN BE AWARDED, PLAINTIFF MUST SHOW THAT CASE LAW "CLEARLY FORECLOSES" THE TRUSTEE DEFENDANTS' BASIS FOR REMOVAL

28 U.S.C. § 1447(c) traces its origins to a part of a congressional act enacted in 1875 that "altered the common law rule that a court lacking jurisdiction had no power to award fees or costs." *Otay Land Co. v. United Enters.*, 672 F.3d 1152, 1156 (9th Cir. 2012).[1] As explained by the U.S. Supreme Court, the language of

---

[1] The act was split into separate statutes in 1948 and the removal provisions were codified as Section 1447. *Otay Land Co.*, 672 F.3d at 1156 n.2.

4

the subsection shows that, after remand, the award of just costs and actual expenses is not automatic, as it uses the word "may." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Also, there is not presumption in favor of awarding fees awards under § 1447(c). The Supreme Court has specifically rejected this argument. *Id.* at 137 (explaining that such a presumption does not apply because "plaintiffs do not serve as private attorneys general when they secure a remand to state court, nor is it reasonable to view the defendants as violators of federal law" when they incorrectly invoke the right to remove). The Court has also pointed out that any order awarding fees should comport with the objective of the Act, which is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 139-40; *Otay Land Co.*, 672 F.3d at 1156.

The Supreme Court has determined that the following standard governs the District Court's decision in awarding fees:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) ***only*** where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

/ / /

*Martin*, 546 U.S. at 141 (emphasis added); *Otay Land Co.*, 672 F.3d at 1157. The Court gave only two examples of what may constitute an "unusual circumstance"–"a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction"–and cautioned that when a district court exercises its discretion to make an exception for such circumstances, it must be faithful to the purposes of awarding fees under the subsection. *Martin*, 546 U.S. at 141. Consistent with this controlling precedent, this Court has cited the following factors that may be taken into account in determining whether "unusual circumstances" are present: frivolousness, bad faith, lack of support in the law or facts, and the need for deterrence. *Access Info. Mgmt. of Haw., LLC v. Shred-It Am., Inc.*, 2011 U.S. Dist. Lexis 53573, *7, *21-22 (D. Haw. June 13, 2011) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

Even if a court rejects the basis for removal, this does not justify an award of fees. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). *See also, Martin*, 546 U.S. at 140 ("There is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases."); *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). As this Court has explained,

6

> Instead, the objective reasonableness of the removal depends on the clarity of the applicable case law and whether such law **"clearly foreclosed"** the defendant's basis for removal. [*Lussier* at 1066-67] (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007)). See also *Gardner*, 508 F.3d at 562 (holding that removal costs were not warranted where a reasonable litigant in position of the removing party "could have concluded" that federal court was the proper forum).

*Access Info. Mgmt. of Haw., LLC*, 2011 U.S. Dist. Lexis 53573 at *7 (emphasis added). *See also Lussier*, 518 F.3d at 1066 (attorney's fees and costs denied where defendant presented "novel arguments" as the basis for removal that were nonetheless objectively reasonable); *Smith v. Kawailoa Dev. LLP*, 2011 U.S. Dist. Lexis 120937, *9-11 (D. Haw. Dec. 22, 2011) (recommending denial of attorneys' fees award where court found that plaintiff's claim did not require interpretation of the CBA and therefore was not preempted by Section 301); *Club at Hokuli'a, Inc. v. Am. Motorists Ins. Co.*, 2010 U.S. Dist. Lexis 92376, *41-42 (D. Haw. Sept. 3, 2010) (recommending denial of attorneys' fees and costs where the "relevant case law [did] not clearly foreclose removal); *Maui Pineapple Co. v. E.A. Bonelli & Assocs.*, 2007 U.S. Dist. Lexis 43473, *20-21 (D. Haw. June 14, 2007) (recommending denial of plaintiff's request for fees and costs where there was no evidence that defendant sought removal to prolong litigation or impose costs on plaintiff).

/ / /

### B. PLAINTIFF FAILS TO SHOW THAT THE APPLICABLE CASE LAW "CLEARLY FORECLOSES" REMOVAL IN THIS CASE

Plaintiff agrees that Section 301 preemption applies "even in some instances in which the plaintiffs have not alleged a breach of contract in the complaint, if the plaintiffs' claim is either [1] grounded in the provisions of the labor contract __or__ [2] requires interpretation of it." *Burnside v. Kiewit Pacific Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007) (numbers and emphasis added). In their Opposition to Remand, the Trustee Defendants demonstrated that both prongs are satisfied in this case.

Plaintiff claims that prong one–"grounded in the provisions of the labor contract"–is not met because that prong applies only to very limited cases, and Plaintiff here was "neither a party to nor a third-party beneficiary of the CBA and no provision of the CBA gave Plaintiff rights." (Dkt. 33, p. 5.). The "grounded-in-the-CBA" prong is not so narrow. *See Montez* , 2010 U.S. Dist. Lexis 74677 at *7 (explaining that in the first prong, the "court must consider whether the plaintiff's asserted cause of action involves a right conferred on the plaintiff by virtue of state law or is instead *grounded in* a CBA") (emphasis added). Because Plaintiff's defamation claim or *respondeat superior/*agency theory of liability is "grounded" in the CBA, actually using the CBA/Trust Agreement contribution provisions to establish liability, preemption under prong one is established.

8

Accordingly, Plaintiff fails to show that the applicable case law "clearly foreclosed" this basis for the Trustee Defendants' removal. *Access Info. Mgmt. of Haw., LLC*, 2011 U.S. Dist. Lexis 53573 at *7.

With respect to the second prong–"requires interpretation of" a Section 301 governed document–Plaintiff argue this is not satisfied for two reasons. First, Plaintiff contends that the Trustee Defendants have not even pointed to any provision of the CBA that would be relevant to this case. (Dkt. 33 at pp. 7-9.) Second, Plaintiff argues that it cannot be said that any contractual provision would necessarily require interpretation because, even if a provision is consulted, it will be consulted with respect to the Funding Doe Defendants, not the Trustee Defendants, whom have not yet been named or served. (Dkt. 33 at pp. 10-11.)

Plaintiff's arguments are wrong, and not based on any case law that clearly forecloses the Trustee Defendants' basis for removal.[2] First, claiming ignorance about the applicable CBA provisions, after alleging liability based on the

---

[2]The Trustee Defendants are *not* conceding that Plaintiff's interpretation of the two prongs enunciated in *Burnside* is correct, and their own interpretation is wrong. For instance, the Trustee Defendants disagree that they must illustrate that there is a dispute about a CBA provision. Chief Justice Susan Oki Mollway's recent decision, *Montez v. Operating Engineers Local Union #3*, 2010 U.S. Dist. Lexis 74677 (D. Haw. July 23, 2010), recognizes that no such dispute must be shown. *Id.* (plaintiff's claims were preempted because the duty on which they were based required the interpretation of CBA terms, with no discussion of whether there was a disagreement about the terms). The same can be said as to the contribution provisions upon which Plaintiff is basing his theories of liability.

9

CBA/Trust Agreement (Complaint, ¶¶ 2, 35, 36), is disingenuous.  It also ignores that the Trustee Defendants pointed out the applicable provisions of the CBA/Trust Agreement in their Notice of Removal.  For instance, the Trustee Defendants cited the provisions upon which the Funding Doe Defendants made the contributions that allegedly were used to commit defamation:

> Each Contractor shall participate in the Hawaii Carpenters' Market Recovery Program (hereinafter referred to as the "Recovery Program"), under the terms and conditions as set forth in the Hawaii Carpenters' Market Recovery Program Declaration of Trust Agreement as executed December 31, 1987, and as said Trust Document may be amended in the future, and make contributions as set forth in the attached Exhibit "A-1" which is made part of this agreement.

(Dkt. 1, Exhibit 2, at pp. 15, 30, Section 14.6.)  In the Notice of Removal, the Trustee Defendants also cited the following provision regarding the relationship between the Funding Doe Defendants and the Trustee Defendants:

> Each of the Declaration of Trust Agreements as referred to above are, by reference, incorporated herein and each Contractor covered hereby or signatory hereto agrees that said Contractor shall be bound by all the terms and conditions of said documents and any future amendments.  *Each said Contractor further agrees to the appointment of the Trustees of said Funds as designated by the Contractor Associations and hereby designates said Contractor Trustees to serve as his/her representatives and to act as his/her agent in all matters concerning the Funds.*

(Dkt. 1, Exhibit 2 at p. 15, Section 14.8 (emphasis added).)  Plaintiffs' theories of liability include relying on both the CBA-required contributions and the Trust

10

Agreement designation of employer representatives.  In Paragraph 2 of the Complaint, Plaintiff alleges that the Union and employers acted in concert because they are signatory with each other, and that the contributions from their agreement fund the Defendant PRP.  (Complaint, ¶ 2.)

Additionally, for the *respondeat superior* and agency theories (Complaint, ¶ 36), the CBA provisions would *have* to be interpreted; interpreting them would not be optional.  Agency and *respondeat* liability are inherently contractually based theories of liability, and the contracts they spring from are the Section 301 governed CBA and Trust Agreement (which is incorporated into the CBA).  *Cho Mark Oriental Food, Ltd. v. K & K Int'l*, 73 Haw. 509, 515-16 (1992); *State v. Hoshijo*, 102 Haw. 307, 319 (2003) ("Vicarious liability under the respondeat superior doctrine ordinarily requires some kind of employment relationship *or other consensual arrangement under which one person agrees to act under another's control*.").  The CBA sections cited above will have to be interpreted in order to assess the validity of the two theories Plaintiff relies upon.

Plaintiff's claim that there will be no disagreement as to whether the above provisions establish that the Trustee Defendants are vicariously liable for the conduct of others is not accurate.  Defendants will certainly oppose that the language in question can support such a theory.  There will be disagreement regarding the interpretation of the italicized language in Section 14.8 above, e.g.,

11

did it establish an agency relationship with respect to every single decision of the Trustee Defendants to spend the Funds for a given purpose? Once the Trustee Defendants voted for the "plan" to use a part of the Funds for allegedly defamatory advertisements against Plaintiff and the money left the Fund, did the agency relationship with respect to the "plan" cease? Does the clause "agent in all matters concerning the Funds" mean that there was an agency relationship with regard to every single allegedly defamatory statement, even if the "plan" was a decision to delegate the duty of coming up with the statements for the advertisements to someone other than the Trustee Defendants? Plaintiff, in short, has not shown there is no possibility of a disagreement about the relevant contract terms for both Plaintiff's theories of *respondeat superior* and agency law.

As for Plaintiff's argument that the "requires interpretation of" prong is not satisfied because Plaintiff may choose not to prosecute the Funding Doe Defendants, this too ignores the allegations and the law. Plaintiff sued these Doe Defendants, who under state law are parties to the suit. Hawaii R. Civ. P. Rule 17(d); *see also Bailey v. United States*, 289 F.Supp.2d 1197, 1209 n.15 (D. Haw. 2003) (noting that Hawaii courts require "strict observance" of the requirements of Rule 17(d)). Plaintiff cites *no case law* for the proposition that a preempted claim against Doe Defendants defeats removal. Therefore, Plaintiff fails to show that the applicable case law "clearly forecloses" removal. To the contrary, the case law

12

actually confirms why removal was proper. *See e.g., Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057 (9th Cir. 1989); *Chissie v. Winco Foods, LLC*, 2012 U.S. Dist. LEXIS 17954, 17-18 (E.D. Cal. Feb. 13, 2012); *Cerda v. United Brotherhood of Carpenters and Joiner of America et al.*, Case No. CV-F-05-00616 OWW LJO (E.D. CA. June 27, 2005).

### III. <u>CONCLUSION</u>

Because the applicable law does not "clearly foreclose" the Trustee Defendants' basis for removal, attorney's fees and costs may not be awarded to Plaintiff pursuant to § 1447(c). The Trustee Defendants, therefore, respectfully request that Plaintiff's request for attorney's fees and costs (and Motion to Remand) be denied.

DATE: February 6, 2013

DeCARLO & SHANLEY
A Professional Corporation

 */s/ Daniel M. Shanley*
Daniel M. Shanley
John T. DeCarlo
Desmond C. Lee
Attorneys for Defendants SEAN NEWCAMP, THALIA CHOY, ALAN SHINTANI, STEVEN HIDANO, GERARD SAKAMOTO, MARK KAPAHU, WILLIE MAGLINTI, LEONARD HOSHIJO, LANCE YOSHIMURA, KEN KAWAMOTO, BILL WILSON, LANCE INOUYE, CRAIG FUKUDA, AND DARREN HO

13

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 6, 2013, I electronically filed the DEFENDANTS SEAN NEWCAMP, THALIA CHOY, ALAN SHINTANI, STEVEN HIDANO, GERARD SAKAMOTO, MARK KAPAHU, WILLIE MAGLINTI, LEONARD HOSHIJO, LANCE YOSHIMURA, KEN KAWAMOTO, BILL WILSON, LANCE INOUYE, CRAIG FUKUDA, AND DARREN HO'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS and this certificate of service using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| James J. Bickerton, Esq.<br>E-Mail:  bickerton@bsds.com<br>BICKERTON LEE DANG & SULLIVAN | Attorneys for Plaintiff BENJAMIN J. CAYETANO |
| Michael Jay Green, Esq.<br>E-Mail:  michaeljgreen@hawaii.rr.com | |
| Jeffrey S. Portnoy, Esq.<br>E-Mail:  jportnoy@cades.com<br>John P. Duchemin, Esq.<br>E-Mail:  jduchemin@cades.com<br>Peter W. Olson, Esq.<br>E-Mail:  polson@cades.com<br>CADES SCHUTTE | Attorneys for Defendants HAWAII CARPENTERS UNION MARKET RECOVERY FUND; JOHN D. WHITE, JR.; HAWAII CARPENTERS' UNION; PACIFIC RESOURCE PARTNERSHIP PAC |
| Claire Wong Black, Esq.<br>E-Mail:  cblack@ahfi.com<br>ALSTON HUNT FLOYD & ING | Attorneys for Defendants HOAKEA COMMUNICATIONS LLC; BARBARA J. TANABE; and JIM McCOY |

DATED:  February 6, 2013   */s/ Nelly Caywood*
              Nelly Caywood
              Legal Assistant