IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN J. CAYETANO,              )| CIVIL NO. 12-00619 SOM-RLP |
|                                    )| |
|          Plaintiff,                )| FINDINGS AND RECOMMENDATION TO |
|                                    )| GRANT PLAINTIFF'S MOTION FOR |
|     vs.                            )| REMAND AND DENY PLAINTIFF'S |
|                                    )| REQUEST FOR ATTORNEYS' FEES |
| HAWAII CARPENTERS UNION            )| |
| MARKET RECOVERY FUND, ET AL.       )| |
|                                    )| |
|          Defendants.               )| |
| _____    )| |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION
FOR REMAND AND DENY PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES[1]

Before the Court is Plaintiff's Motion for Remand, filed December 18, 2012.  ECF No. 27.  Defendants Sean Newcamp, Thalia Choy, Alan Shintani, Steven Hidano, Gerard Sakamoto, Mark Kapahu, Willie Maglinti, Leonard Hoshijo, Lance Yoshimura, Ken Kawamoto, Bill Wilson, Lance Inouye, Craig Fukuda, and Darren Ho (collectively "Trustee Defendants") filed their Opposition to the Motion on December 28, 2012.  ECF No. 31.  Defendant Hawaii Carpenters Union Market Recovery Fund and Pacific Resource Partnership PAC filed a Joinder in the Trustee Defendants' Opposition to the Motion.  ECF No. 32.  Plaintiff filed his Reply on January 11, 2013.  ECF No. 33.  In his Reply, Plaintiff for

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

the first time requested attorneys' fees pursuant to 28 U.S.C. § 1447(c).  See ECF NO. 33 at 12.  For purposes of judicial efficiency, the Court issued an order construing Plaintiff's request for attorneys' fees in Plaintiff's Reply as a motion for attorneys' fees.  ECF No. 35.  The Trustee Defendants filed an Opposition to the request for fees on February 6, 2013.  ECF No. 36.  Plaintiff filed his Reply on February 15, 2013.  ECF No. 37.  The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 28.  After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS that this case was not properly removed.  Accordingly, the Court RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand.  Additionally, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's request for attorneys' fees.

## BACKGROUND

Plaintiff filed his Complaint on October 22, 2012, in the Circuit Court of the First Circuit, State of Hawaii, captioned <u>Banjamin J. Cayetano v. Hawaii Carpenters Union Market Recovery Fund dba Pacific Resource Partnership, et al.</u>, Civil No. 12-1-2604-10 (RAN).  See Compl., attached as Ex. 1 to Notice of Removal, ECF No. 1-2.  The Complaint alleges libel and slander against Hawaii Carpenters Union Market Recovery Fund, dba Pacific

Resource Partnership ("PRP"), PRP's executive director, PRP's trustees, the Hawaii Carpenters' Union, which Plaintiff alleges directs PRP's action, and PRP's advertising agency. Compl. ¶¶ 2-24. The libel and slander allegations stem from push polls, television and radio advertisements, and flyers related to Plaintiff's candidacy for Mayor of the City and County of Honolulu. Compl. ¶¶ 38-88. As Plaintiff explains in his Complaint, he is suing not only those who wrote and published the alleged defamatory speech, "but also those who have financed and funded it." Compl. ¶ 28. The Complaint names certain "Doe Defendants," including the "Funding Doe Defendants." Compl. ¶ 2. The Funding Doe Defendants are "general contractors who are signatory to contracts" with the Hawaii Carpenters' Union and "make contributions to PRP." Compl. ¶ 2, 35. Plaintiff alleges that the Funding Doe Defendants are liable for the libelous and slanderous actions of the other Defendants, including the Trustee Defendants, "under the law of *respondeat superior* and agency law." Compl. ¶ 36. In the present Motion, Plaintiff seeks remand arguing that his claims are premised wholly on state law and are not preempted.

## DISCUSSION

Remand to state court may be ordered for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A defendant who invokes the federal court's removal jurisdiction has the

burden of establishing federal jurisdiction.  Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).  Courts construe the removal statute strictly against removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  If there is any doubt as to the right of removal in the first instance, remand must be granted.  See Gaus, 980 F.2d at 566.

Here, the Notice of Removal states that federal question jurisdiction exists because the "resolution of Plaintiff's tort claim against the defendants is 'inextricably intertwined' with consideration of the terms of labor contracts, which are governed by Section 301 of the Labor Management Relations Act."  ECF No. 1 at 3.  Specifically, the Trustee Defendants assert that Plaintiff's theory of agency and *respondeat superior* liability asserted against the Funding Doe Defendants is grounded in the collective bargaining agreement and preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301").  ECF No. 31 at 2.  The Trustee Defendants attached to their Notice of Removal a Master Agreement and Trust Agreement.  See ECF Nos. 1-3, 1-4.  The Trustee Defendants assert that the Master Agreement, which incorporates the Trust Agreement, "mandates each unnamed Funding Doe Defendant employer participate in the PRP."  ECF No. 1 at 5.

The Trustee Defendants assert that Plaintiff's claim

will be preempted by Section 301.  Section 301 creates a federal claim for breaches of a collective bargaining agreement.[2]  Miller v. AT&T Network Sys., 850 F.2d 543, 545 (9th Cir. 1988).  Section 301 preemption applies to cases whose resolution "is substantially dependent upon analysis of the terms of [a collective bargaining agreement]."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985).  Section 301 preempts applications of state law "only if such application requires the interpretation of a collective bargaining agreement."  Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988).  Such preemption is intended to promote the uniform interpretation of collective bargaining agreements.  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000) (citations omitted).  However, if a claim does not require interpretation of the terms of a collective bargaining agreement, the claim is not preempted.  See Miller, 850 F.2d at 545-46.  "The linchpin of preemption analysis is whether the terms of a collective bargaining agreement must be interpreted in order to evaluate a plaintiff's state law claim."  Hotel Emps. and

---

[2] Section 301 provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  29 U.S.C. § 185(a).

5

Restaurant Emps. Local 2 v. Vista Inn Mgmt. Co., 393 F.Supp. 2d 972, 984 (N.D. Cal. 2005) (citing Cramer v. Consol. Freightways, 255 F.3d 683, 691-92 (9th Cir. 2001)).  To determine whether a state law claim requires interpretation of a collective bargaining agreement (and is preempted) or merely requires reference to a collective bargaining agreement (and is not preempted) the Ninth Circuit has set out a two-part inquiry.

  First, a court must consider whether the plaintiff's asserted cause of action involves a right conferred on the plaintiff by virtue of state law or by virtue of a collective bargaining agreement.  Burnside v. Kiewit Pacific Corp., 491 F.3d 1053, 1059 (9th Cir. 2007).  As a part of this analysis, the Court must consider the "legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued."  Id. at 1060 (citing Livadas v. Bradshaw, 512 U.S. 107, 123 (1994)).  A defendant's reliance upon a collective bargaining agreement as an aspect of a defense is not enough to "inject[ ] a federal question into an action that asserts what is plainly a state-law claim."  Id.

  Second, if the plaintiff's claim is independent of the collective bargaining agreement, the court must consider whether it is nevertheless "substantially dependent on analysis of a collective-bargaining agreement."  Id. at 1059-60.  To determine

whether a state law claim is "substantially dependent" on the terms of a collective bargaining agreement, the court must examine whether the claim can be resolved by "looking to" the collective bargaining agreement rather than "interpreting" the collective bargaining agreement.  Id.  "[T]he bare fact that a [collective bargaining agreement] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."  Livadas, 512 U.S. at 124.

Finally, Plaintiff seeks attorneys' fees and costs incurred in connection with the Trustee Defendants' removal of the instant case.  See ECF Nos. 33 at 12.  A federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c); Garner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007).

As discussed in detailed below, the Court FINDS that Plaintiff's claim is not preempted because it does not require a court to interpret the collective bargaining agreement.  The Court RECOMMENDS that Plaintiff's Motion be GRANTED and that Plaintiff's request for attorneys' fees be DENIED.

**1. Plaintiff's Cause of Action Involves a Right Conferred on Plaintiff by Virtue of State Law, Not by Virtue of a Collective Bargaining Agreement.**

First, the Court must consider whether Plaintiff's action asserts a right conferred by virtue of state law or by

virtue of a collective bargaining agreement.  See Burnside, 491 F.3d at 1059.  As noted above, Plaintiff alleges that other named Defendants, including the Trustee Defendants, are the agents of the Funding Doe Defendants and, therefore, the Funding Doe Defendants are liable for the tortious conduct of the other Defendants.  See Compl. ¶ 36.  The Trustee Defendants argue that the only basis for *respondeat superior* liability or an agency relationship between the Trustee Defendants and the Funding Doe Defendants alleged in the Complaint is a collective bargaining agreement.  ECF No. 31 at 9.  Specifically, the Trustee Defendants note that the Complaint alleges that the Funding Doe Defendants make contributions to PRP under the terms of contract between the Funding Doe Defendants and Hawaii Carpenters' Union. ECF No. 31 at 8; Compl. ¶ 2.  Therefore, the Trustee Defendants assert that Plaintiff's claim against the Funding Doe Defendants is "grounded" in the collective bargaining agreement and preempted under Section 301.  ECF No. 31 at 9.

  The Court disagrees.  Plaintiff's claim against the Funding Doe Defendants is independent of any rights conferred under the collective bargaining agreement.  The only right conferred by the collective bargaining agreement that the Trustee Defendants discuss is the PRP's right to obtain contributions from general contractors.  Plaintiff's defamation claim does not seek to assert this right.  Further, Plaintiff's theory of

8

*respondeat superior* and agency liability does not "exist[] solely as a result" of the collective bargaining agreement. See Burnside v. Kiewit Pacific Corp., 491 F.3d 1053, 1059 (9th Cir. 2007).  Under Hawaii law, agency may be established "through actual or apparent authority" and does not require a contract between the parties.  Cho Mark Oriental Food, Ltd. v. K & K Int'l, 73 Haw. 509, 515-16 (Haw. 1992) (citations omitted).  It is possible that the court may consider the collective bargaining agreement in determining whether an agency relationship exists between the Trustee Defendants and the Funding Defendants. However, this possibility is not sufficient to satisfy the standard for preemption under Section 301.  As the Supreme Court has observed not "every state-law suit asserting a right that relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is pre-empted by Section 301."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985).  "Causes of action that only tangentially involve a provision of a collective-bargaining agreement are not preempted by section 301."  Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748 (9th Cir. 1993) (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06)).

Additionally, to the extent that the Funding Doe Defendants or the Trustee Defendants may assert that the

9

contributions were required by the collective bargaining agreement as a defense to Plaintiff's claims against them, such possible defenses are also insufficient to warrant preemption under Section 301.  A defense based on a provision of the collective bargaining agreement does not provide grounds for removal.  See Caterpillar, 482 U.S. at 398-99 (holding that plaintiff's claim based on breach of an employment contract was not removable where defendant contended plaintiff's claim was barred by provision in collective bargaining agreement).  Although Defendants may refer to the collective bargaining agreement in defending against this action, "preemption is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense."  Id. at 1052-53 (quoting Cramer v. Consol. Freightways Inc., 255 F.3d 683, 691 (9th Cir. 2001)).  The Court FINDS that Plaintiff's claim asserts a right conferred by virtue of state law.  Accordingly, Section 301 preemption does not apply and does not provide a basis for removal.

**2.  Plaintiff's Cause of Action Is Not Substantially Dependent on Analysis of the Terms of a Collective Bargaining Agreement.**

To determine if Plaintiff's claim is substantially dependent on the terms of a collective bargaining agreement, the Court must consider whether resolution of the claim would require

interpretation of the collective bargaining agreement.  <u>See</u> <u>Burnside</u>, 491 F.3d at 1060.  The Trustee Defendants do not cite any specific provision of the collective bargaining agreement that would require interpretation in resolving Plaintiff's claims.  <u>See</u> ECF No. 31.  As noted above, it is possible that a court would look to the provisions of the collective bargaining agreement in considering whether an agency relationship exists between the Funding Doe Defendants and the Trustee Defendants.  However, there is no indication that the court would be required to <u>interpret</u> any term of the collective bargaining agreement in order to determine whether the Trustee Defendants are the agents of the Funding Doe Defendants.  It appears to be undisputed that the collective bargaining agreement requires the Funding Doe Defendants to make contributions to the PRP.  <u>See</u> ECF No. 31 at 2-3; Compl. ¶¶ 2, 35.  The fact that an undisputed provision of a collective bargaining agreement may be considered by the court does not trigger preemption.  <u>See</u> <u>Livadas v. Bradshaw</u>, 512 U.S. 107, 124 (1994) ("when the meaning of contract terms is not the subject of a dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."); <u>see also</u>, <u>Beals v. Kiewit Pacific, Co. Inc.</u>, 114 F.3d 892, 895 (9th Cir. 1997) (holding that an employee's tort claim was not preempted under Section 301 because "none of the terms of the CBA

11

relevant to [the employee's tort] claim is subject to conflicting meanings"); Ramirez v. Fox Television Inc., 998 F.2d 743, 748 (9th Cir. 1993) (holding that state law discrimination claims were not preempted, even where reference to a collective bargaining agreement would be necessary, because the claim would not require interpretation of that agreement); see also Rice v. Panchal, 65 F.3d 637, 645-46 (7th Cir. 1995) (applying preemption principles in the context of an ERISA claim and holding that a claim for malpractice based on respondeat superior theory of liability was improperly removed because it could be resolved without interpretation of the terms of the ERISA plan and was a fact-based inquiry in which the ERISA plan would served a evidence, but would not be dispositive of the issue).

The Court FINDS that Plaintiff's claim is not substantially dependent on the terms of a collective bargaining agreement because there is no dispute over the terms of the collective bargaining agreement or its interpretation. Accordingly, Section 301 preemption does not apply and does not provide a basis for removal.

**3. Plaintiff's Request for Attorneys' Fees Should Be Denied.**

Plaintiff seeks attorneys' fees and costs incurred in connection with the Trustee Defendants' removal of the instant case. See ECF Nos. 33 at 12; ECF No. 37. A federal court "may

12

require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); Garner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007). By enacting the removal statute, Congress did not intend to make fee shifting automatic. Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). "[A]n award of fees under § 1447(c) is left to the district court's discretion." Id. at 139.

The standard for awarding attorneys' fees when remanding a case "should turn on the reasonableness of the removal." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin, 546 U.S. at 141)) (quotations omitted). "Absent unusual circumstances, the court may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141. In applying this rule, the Ninth Circuit cautioned that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier, 518 F.3d at 1065. Instead, the objective reasonableness of the removal depends on the clarity of the applicable case law and whether such law "clearly foreclosed" the defendant's basis for removal. Id. at 1066-67 (citing Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007)); see also

13

Garner, 508 F.3d at 562 (holding that removal costs were not warranted where a reasonable litigant in position of the removing party "could have concluded" that federal court was the proper forum).

      After careful consideration of the parties' submissions, the Court finds that the Trustee Defendants had an objectively reasonable basis for removal. The Trustee Defendants' removal was based upon an area of law that can be difficult in application. As recognized by the Ninth Circuit, the "demarcation between preempted claims and those that survive § 301's reach is not . . . a line that lends itself to analytical precision." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (noting that "the distinction between 'looking to' a CBA and 'interpreting' it is not always clear or amenable to a bright-line test"). The Court cannot conclude that relevant case law "clearly foreclosed" the Trustee Defendants' basis for removal. The parties were unable to point to any controlling case law that addressed the particular situation presented in this action – namely, whether reference to a collective bargaining agreement in a Complaint as evidence of *respondeat superior* liability or an agency relationship between defendants was sufficient for preemption purposes. Without such case law on point, the Court is unable to say that the Trustee Defendants' argument was clearly foreclosed. Additionally, as

14

noted above, the Ninth Circuit has stated that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  Lussier, 518 F.3d at 1065. It appears to the Court that the Trustee Defendants, rather than seeking to "prolong[ ] litigation and impos[e] costs on the opposing party," were making a good-faith attempt to exercise the "right to remove as a general matter."  Martin, 546 U.S. at 140. Accordingly, the Court FINDS that the Trustee Defendants had an objectively reasonable basis for bringing their removal petition, and Plaintiff is not entitled to removal expenses.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand and DENY Plaintiff's request for attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 20, 2013.

_____
Richard L. Puglisi
United States Magistrate Judge

**CAYETANO V. HAWAII CARPENTERS UNION MARKET RECOVERY FUND, ET AL., CIVIL NO. 12-00619 SOM-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND AND DENY PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES**